

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2005

# Thibeau v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2493

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Thibeau v. Apker" (2005). *2005 Decisions.* Paper 570.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/570

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-321                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2493
_____

MARK WAYNE THIBEAU,

Appellant

v.

CRAIG APKER, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00454)
District Judge: Honorable A. Richard Caputo
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2005

BEFORE: ALITO, McKEE and AMBRO, <u>Circuit Judges</u>

(Filed:     September 6, 2005)

_____

OPINION
_____

PER CURIAM

     Mark Wayne Thibeau, pro se, appeals an order of the United States District Court

for the Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28

U.S.C. § 2241. We will affirm.

In 1999, in the United States District Court for the Western District of North Carolina, Thibeau pleaded guilty to conspiracy with intent to distribute cocaine and cocaine base. He was sentenced to 151 months' imprisonment and five years' supervised release. Thibeau did not appeal. He is currently housed at LSCI Allenwood in Pennsylvania.

A year after his judgment of sentence, Thibeau filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence in the Western District of North Carolina. The District Court denied the motion. Thibeau sought permission to file a second or successive § 2255 motion in the United States Court of Appeals for the Fourth Circuit, which denied permission.

Thibeau then filed the instant petition pursuant to § 2241 in the Middle District of Pennsylvania. He claims that he is entitled to relief under § 2241 because he is actually innocent and because he was unable to file another § 2255 motion on account of AEDPA's gatekeeping restrictions. The District Court dismissed Thibeau's petition on the basis that his inability to avail himself of relief under § 2255 because of AEDPA's gatekeeping provisions does not render § 2255 inadequate. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Thibeau sought reconsideration of the dismissal, which the District Court denied. Thibeau timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. The Appellee has filed a motion for summary affirmance of the District Court's disposition. Thibeau has filed a motion for summary reversal.

2

We agree with the District Court that Thibeau is not entitled to bring his claims under § 2241. His claims of actual innocence place his petition within the scope of § 2255, which is not inadequate simply because AEDPA's gatekeeping restrictions prevent Thibeau from using it. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002); Dorsainvil, 119 F.3d at 215.

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we will grant Apker's motion for summary affirmance and deny Thibeau's motion for summary reversal. See Third Circuit I.O.P. 10.6.